UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG,

       Plaintiffs,

  v.

IWAS PROPERTIES, LLC d/b/a ACTION ONE
AUTOMOTIVE & TOWING, INC. AND
BASHAR IWAS,

       Defendants.
_____/

Case No:

Hon.

**COMPLAINT FOR TRADEMARK AND
INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "BMW") seek injunctive and monetary relief from Defendants Iwas Properties, LLC *d/b/a* Action One Automotive & Towing, Inc. (hereinafter "Action One") and Bashar Iwas for trademark infringement, unfair competition, and unjust enrichment with regard to Plaintiffs' famous BMW Roundel logo pictured below:



As alleged more fully below, Defendants have violated, and continue to violate, the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1125, et seq. (the "Lanham Act"), and state law through their use of BMW's Roundel logo on their automotive company truck without authorization from BMW.

## Parties

1. Plaintiff BMW of North America, LLC ("BMW NA") is a Delaware limited liability company having its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation, which is a wholly owned subsidiary of Bayerische Motoren Werke AG. BMW NA distributes new and previously owned BMW passenger cars and BMW light trucks through its authorized dealer networks across the country.

2. Plaintiff Bayerische Motoren Werke AG ("BMW AG") is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich, Germany. BMW AG designs and manufactures motor vehicles, parts and other products for sale in Europe and for export and sale throughout the world.

3. Defendant Iwas Properties, LLC is a Michigan limited liability company located at 111 South Street, Rochester, MI 48307. Iwas Properties, LLC is in the business of servicing and repairing BMW automobiles in competition with Plaintiffs and their authorized dealers.

4. Defendant Bashar Iwas is the owner of Iwas Properties, LLC and has personally directed the activities alleged herein.

## Jurisdiction and Venue

5. This court has personal jurisdiction over Defendants because Defendants reside and conduct business in the State of Michigan.

6. This court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over BMW's claims under Michigan law.

7. Venue is proper in this district under 28 U.S.C. §1391(b), as Defendants have their principal place of business in this district and, upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred and are occurring in this district.

### BMW's Famous Roundel Logo

8. BMW is in the business of designing, manufacturing, distributing, and servicing motor vehicles and a variety of other products under various trademarks, including its Roundel logo shown above.

9. BMW NA, through itself and its predecessors-in-interest, has been the exclusive licensee and authorized user of the Roundel logo in the United States continuously since at least as early as 1949 in connection with the sale and service of motor vehicles.

10. Since long prior to the acts of the Defendants complained of herein, BMW has also used its Roundel logo in connection with its business of manufacturing, distributing, and servicing motor vehicles and a variety of other products in the State of Michigan.

11. BMW AG is the owner of the following U.S. Registrations for its Roundel logo:

| Mark | Reg.No. | Reg. Date | Services/Goods |
| --- | --- | --- | --- |
| [BMW Roundel logo] | 613,465 | Oct. 5, 1955 | Automobiles, motorcycles, and parts thereof |
| [BMW Roundel logo] | 1,170,556 | Sept. 22, 1981 | Motor vehicle repair and maintenance services and dealership services |

| | | | |
|---|---|---|---|
| [BMW Roundel logo] | 1,450,212 | Aug. 4, 1987 | Automobiles, motorcycles, parts thereof, including wheels, and watches, clocks and various other goods and services |
| [BMW Roundel logo] | 2,752,258 | August 19, 2003 | Cleaning preparations for use in the automotive field, engine oil and various other goods |

These registrations were duly and legally issued, are valid and subsisting. Registrations 613,465, 1,170,556, 1,450,212, and 2,752,258 are incontestable pursuant to 15 U.S.C. § 1065.

12. BMW AG has licensed its Roundel logo to BMW NA for use in connection with the distribution and sale of the aforementioned products in the United States.

13. BMW NA distributes BMW passenger cars and BMW light trucks and provides maintenance services for its customers through nationwide networks of authorized dealers and service providers. BMW NA authorizes its dealerships to use its Roundel logo in connection with the sale and/or service of BMW products.

14. To create and maintain goodwill among its customers, BMW NA has taken substantial steps to assure that all authorized BMW dealers and service providers using its Roundel logo are of the highest quality.

15. BMW has expended millions of dollars in advertising efforts across the country in connection with its Roundel logo. As a result of BMW's long use and promotion of its Roundel logo, BMW has established its Roundel logo as a famous and distinctive mark among members of the American public.

## Defendants' Wrongful Activities

16. Defendants are using BMW's Roundel logo on their company truck.

17. BMW has sent Defendants eight letters requesting that they cease and desist all use of BMW's Roundel logo.

18. Defendants have refused BMW's requests to remove BMW's Roundel logo.

19. Defendant Iwas also told BMW's counsel that his company has the right to display BMW's Roundel logo, when such is not the case.

20. Defendants are not affiliated with or sponsored by BMW, and have never been authorized by BMW or any of its subsidiaries, affiliates, or authorized agents to use BMW's marks in any form.

21. Defendants have never provided services for BMW or any of its subsidiaries, affiliates, or authorized agents.

22. Defendants' unauthorized use of BMW's mark is intended to trade off the goodwill of BMW's mark.

23. Defendants' unauthorized use of BMW's Roundel logo in the manner described above:

> (a) is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of Defendants' products and services, or as to some affiliation, connection, or association of Defendants with BMW;
>
> (b) enables Defendants to trade off and receive the benefit of goodwill BMW built up at great labor and expense over many years, and to gain acceptance for Defendants' products and services not solely on its own merits, but on the reputation and goodwill of BMW, its Roundel logo, and its products and services;

(c) unjustly enriches Defendants; and

(d) unlawfully removes from BMW the ability to control the nature and quality of products and services provided under BMW's mark and places the goodwill and valuable reputation of BMW in the hands of Defendants, over whom BMW has no control.

24. BMW has been damaged and continues to be damaged by Defendants' unauthorized use of BMW's Roundel logo in the manner described above.

25. Unless these acts of Defendants are restrained by this Court, they will continue to cause irreparable injury to BMW and to the public for which there is no adequate remedy at law.

### Count I
### Federal Trademark Infringement
### (Lanham Act § 32, 15 U.S.C. § 1114(1))

26. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 25 herein.

27. Defendants' use of the Roundel logo on or in connection with such goods and services is likely to cause confusion, to cause mistake, or to deceive.

28. The acts of Defendants complained of herein constitute use in commerce of reproductions, copies, or colorable imitations of BMW's federally registered Roundel logo in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

29. Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BMW's rights in its Roundel logo and with intent to trade off BMW's vast goodwill in its mark.

30. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

## Count II
### Federal Unfair Competition, False Designation of Origin and Trademark Infringement (Lanham Act §43, 15 U.S.C. § 1125(a))

31. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 30 herein.

32. Defendants' unauthorized use of BMW's Roundel logo falsely indicates that Defendants and their services are connected with, sponsored by, affiliated with, or related to BMW.

33. Defendants' use of BMW's Roundel logo has caused, and is likely to continue to cause confusion, mistake, or deception as to the source, or approval of Defendants and their goods and services.

34. Defendants' unauthorized use of BMW's Roundel logo in connection with their goods and services allows Defendant to receive the benefit of BMW's goodwill, which BMW has established at great labor and expense, and further allows Defendants to expand their business and sales, based not on their own qualities, but on the reputation and goodwill of BMW.

35. The acts of Defendants complained of herein constitute unfair competition and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BMW's rights in its mark and with intent to trade off BMW's vast goodwill in its mark.

37. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

### Count III
### Unfair Competition
### (Mich. Comp. Law § 429.42)

38. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 37 herein.

39. The acts of Defendants complained of herein constitute unfair competition in violation of the Michigan Unfair Competition Statute, Mich. Comp. Law § 429.42(a), as they are likely to cause confusion or mistake or to deceive as to the source of origin of Defendants' goods or services.

40. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

### Count IV
### Trademark Infringement and Unfair Competition
### (Common Law of Michigan)

41. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 40 herein.

42. The acts of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the common law of Michigan.

43. Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BMW's rights in its mark and with intent to trade off BMW's vast goodwill in its mark.

44. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

## Prayer for Relief

WHEREFORE, BMW prays that:

1.  Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with any of them, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

    (a) using BMW's Roundel logo, or any colorable imitations thereof, and any other name or mark that is confusingly similar to this mark or any other mark or designation of BMW or its affiliates, including, but not limited to, use of this mark on company trucks, buildings, business signs, websites, telephone directory advertisements, marketing materials, stationery, and business cards;

    (b) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their goods and services, are connected with, sponsored by or approved by, BMW.

2.  An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to BMW and increased as the Court finds to be just under the circumstances of this case.

3.  Defendants be required to pay over to BMW:

    (a) in accordance with Section 35(a) of the Latham Act, 15 U.S.C. §1117(a), an award of treble Plaintiffs' actual damages (including lost trademark royalties) and Defendants' profits, together with profits resulting from sales by Defendants relating to their aforesaid trademark infringement and unfair competition; and

    (b) Plaintiffs' reasonable attorneys' fees and costs of this action.

  4. Defendants, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, be required to deliver up to BMW for destruction all labels, signs, prints, packages, bottles, receptacles, containers, and advertisements in Defendants' possession or control bearing BMW's Roundel logo.

  5. Defendants, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon BMW, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of such injunction.

  6. BMW recover such other relief as the Court may deem appropriate.

        Respectfully submitted,

        **BUSH SEYFERTH & PAIGE PLLC**

        By: /s/ Moheeb H. Murray
          Richard W. Paige (P45199)
          Moheeb H. Murray (P63893)
        3001 W. Big Beaver Rd. Suite 600
        Troy, MI 48084
        (248) 822-7800
        paige@bsplaw.com - e-mail
        murray@bsplaw.com – e-mail

        and

        John G. Froemming, Esq. (application for admission pending)
        David M. Jaquette, Esq. (application for admission pending)
        **HOWREY LLP**
        1299 Pennsylvania Avenue, N.W.
        Washington, D.C.  20004
        Telephone: (202) 783-0800
        Facsimile: (202) 383-6610

November 18, 2009      *Attorneys for Plaintiffs*